NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 3 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DIVERSIFIED FUNDING GROUP, LLC, | No. 17-56242 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-00189-VAP-AFM |
| v. | |
| DANIEL L. HENDON, | MEMORANDUM* |
| Defendant-Appellee, | |
| v. | |
| PEGGY JACKSON, as Trustee of the W & N Hendon Revocable Trust, | |
| Movant-Appellee. | |

| | |
|---|---|
| DIVERSIFIED FUNDING GROUP, LLC, | No. 18-55159 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-00189-VAP-AFM |
| v. | |
| DANIEL L. HENDON, | |
| Defendant, | |
| v. | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

PEGGY JACKSON, as Trustee of the W & N Hendon Revocable Trust,

Movant-Appellee.

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief Judge, Presiding

Argued and Submitted March 5, 2019
Pasadena, California

Before: COLE, Chief Circuit Judge,[**] and FISHER and NGUYEN, Circuit Judges.

Diversified Funding Group, LLC ("DFG") appeals the district court's orders quashing a levy against funds held in the W & N Hendon Revocable Trust ("Trust"), releasing the funds, denying DFG's requests for a turnover order, asset freeze, and seizure of property, and imposing sanctions on DFG for issuing a facially invalid subpoena duces tecum. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.** The Arizona bankruptcy court had subject matter jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(I).[1] Because DFG registered the bankruptcy

---

[**] The Honorable Ransey Guy Cole, Jr., Chief Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

[1] The parties' requests for judicial notice (docket entry nos. 12, 21) are GRANTED.

2

court's judgment in California, the district court here had jurisdiction to enforce it pursuant to 28 U.S.C. § 1963.

The district court correctly rejected DFG's request to enforce the judgment against Daniel Hendon by proceeding against Trust assets held by trustee Peggy Jackson. *See Richards v. Jefferson County*, 517 U.S. 793, 798 (1996) (explaining that "one is not bound by a judgment *in personam* in a litigation in which he is not designated as a party" except in certain situations not applicable here); *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1323 (9th Cir. 1998) (noting that judgments may be enforced against non-parties only under "limited circumstances"); *cf. In re Girardi*, 611 F.3d 1027, 1036 (9th Cir. 2010) (sanctioning counsel for attempting to enforce foreign money judgment that "named the wrong defendant" despite knowing that "the discrepancy could doom any enforcement action").

To the extent DFG sought to hold the Trust accountable for the judgment against Hendon on an alter ego or related theory, the district court lacked ancillary jurisdiction to consider such a claim, which requires a separate action with an independent jurisdictional basis.[2] *See Peacock v. Thomas*, 516 U.S. 349, 356–59 (1996).

---

[2] At oral argument, counsel for DFG asserted that the district court's lack of ancillary jurisdiction to evaluate DFG's claim against Trust assets meant that the court lacked jurisdiction to quash the levy and release the funds, but DFG cites no authority that the district court lacked inherent jurisdiction to dispose of funds within its possession or quash invalid levies issued under its auspices.

3

**2.** DFG failed to raise in the district court its argument on appeal regarding the imposition of Rule 45 sanctions.  Therefore, this argument is forfeited.  *See Dodd v. Hood River County*, 59 F.3d 852, 863 (9th Cir. 1995) ("As a general rule, 'a federal appellate court does not consider an issue not passed upon below.'" (quoting *Singleton v. Wulff*, 428 U.S. 106, 120 (1976))).

**AFFIRMED.**